People v Luis-Garcia (2022 NY Slip Op 03851)

People v Luis-garcia

2022 NY Slip Op 03851

Decided on June 10, 2022

Appellate Division, Fourth Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on June 10, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Fourth Judicial Department

PRESENT: WHALEN, P.J., SMITH, PERADOTTO, AND WINSLOW, JJ.

508 KA 18-01833

[*1]THE PEOPLE OF THE STATE OF NEW YORK, RESPONDENT,
v
JUAN LUIS-GARCIA, ALSO KNOWN AS INDIO, DEFENDANT-APPELLANT. 

JILL L. PAPERNO, ACTING PUBLIC DEFENDER, ROCHESTER (WILLIAM CLAUSS OF COUNSEL), FOR DEFENDANT-APPELLANT.
SANDRA DOORLEY, DISTRICT ATTORNEY, ROCHESTER (KAYLAN C. PORTER OF COUNSEL), FOR RESPONDENT. 

 Appeal from a judgment of the Supreme Court, Monroe County (Judith A. Sinclair, J.), rendered April 13, 2018. The judgment convicted defendant, upon his plea of guilty, of manslaughter in the first degree. 
It is hereby ORDERED that the judgment so appealed from is unanimously affirmed.
Memorandum: Defendant appeals from a judgment convicting him, upon his plea of guilty, of manslaughter in the first degree (Penal Law § 125.20 [1]). As defendant contends and the People correctly concede, the record does not establish that defendant validly waived his right to appeal. Here, the rights encompassed by defendant's purported waiver of the right to appeal "were mischaracterized during the oral colloquy and in [the] written form[] executed by defendant[], which indicated the waiver was an absolute bar to direct appeal, failed to signal that any issues survived the waiver and . . . advised that the waiver encompassed 'collateral relief on certain nonwaivable issues in both state and federal courts' " (People v Bisono, 36 NY3d 1013, 1017-1018 [2020], quoting People v Thomas, 34 NY3d 545, 566 [2019], cert denied — US &mdash, 140 S Ct 2634 [2020]; see People v Fontanez-Baez, 195 AD3d 1448, 1449 [4th Dept 2021], lv denied 37 NY3d 971 [2021]). We conclude that defendant's purported waiver is not enforceable inasmuch as the totality of the circumstances fails to reveal that defendant "understood the nature of the appellate rights being waived" (Thomas, 34 NY3d at 559; see Fontanez-Baez, 195 AD3d at 1449). Although we are thus not precluded from reviewing defendant's challenge to the severity of his sentence (see Fontanez-Baez, 195 AD3d at 1449), we nevertheless conclude that the sentence is not unduly harsh or severe.
Entered: June 10, 2022
Ann Dillon Flynn
Clerk of the Court